UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x

SECURITIES AND EXCHANGE
COMMISSION,

                Plaintiff,                      04 Civ. 1584 (RJH)

            - against -                    **MEMORANDUM**
                                                       **OPINION AND ORDER**

MOISES SABA MASRI,

                Defendant.

---------------------------------------------------------x

        Defendant Moises Saba Masri ("Defendant") has moved to withdraw his demand for a jury trial pursuant to Rule 39 of the Federal Rules of Civil Procedure. Plaintiff, the Securities and Exchange Commission ("SEC"), opposes the motion, arguing that it has justifiably relied on the Defendant's initial demand for a jury trial. (Pl.'s Mem. 1.) Defendant maintains that the SEC has not relied upon defendants' demand, as evidenced by scheduling orders drafted by the SEC that specifically note that the request for a jury trial was made by the defendants as well as "at least one" expression of dissatisfaction allegedly made by the SEC regarding the fact that this case was scheduled for a jury trial. (Def.'s Mem. 2–3.)

## DISCUSSION

        It is well established that the right to a jury trial is a fundamental right and that purported waivers are to be "scrutinized with the utmost care." *Heyman v. Kline,* 456 F.2d 123, 129 (2d Cir. 1972) (citations omitted); *see also Gargiulo v. Delsole,* 769 F.2d 77, 79 (2d Cir. 1985) ("[W]aiver is not lightly to be inferred."). Thus, a party may

withdraw its demand for a jury trial "only if the parties consent." Fed R. Civ. P. 38(d). This requirement permits a party to rely on a jury demand originally made by an adversary. *See Dell'Orfano v. Romano*, 962 F.2d 199, 202 (2d Cir. 1992) ("A [party] is entitled to rely on [another party's] jury demand to preserve his own right to a jury trial . . ."); *Rosen v. Dick*, 639 F.2d 82, 87 (2d Cir. 1980) ("Undoubtedly, Rule 38 embodies the equitable principles of reasonable reliance . . ."). In limited circumstances, however, some courts have rejected a party's claims of reasonable reliance in light of conduct indicating strong and clear opposition to a jury trial. *See, e.g.*, *Glaxo Wellcome, Inc. v. Genpharm, Inc.*, No. 96 Civ. 6719, 1997 WL 381939, at *1 (S.D.N.Y. July 9, 1997) (allowing withdrawal of jury demand where non-demanding party had "consistently objected to Defendant's demand for a jury trial" by "strongly arguing against any right to a jury trial"); *Reid Bros. Logging Co. v. Ketchikan Pulp Co.*, 699 F.2d 1292, 1304–05 (9th Cir. 1983) (allowing withdrawal where non-demanding party had previously filed motion to strike plaintiff's jury demand).

The SEC's conduct here does not preclude a finding that it reasonably relied on Defendant's jury demand. Defendant cites two examples of conduct that allegedly demonstrate the SEC's lack of reliance. First, Defendant emphasizes the language used in scheduling orders drafted, at least in part, by the SEC; these orders stated "defendants have requested a jury trial" and "Sutton requests a jury trial." (Def.'s Mem. 2–3.) The Court does not interpret the SEC's practice of noting the origin of the request for a jury trial in this case as indicative of the SEC's reliance or non-reliance on that request. Second, Defendant alleges that, at a December 10, 2004 scheduling conference, the SEC's counsel expressed "unhappiness and dissatisfaction" with the fact that this case

was scheduled for trial. (*Id.* at 3, 6.) The SEC disputes making any statement indicating unhappiness or dissatisfaction with Defendant's jury trial request. (Pl.'s Mem. 3.) There is no such statement in the record, nor does the Court have any independent recollection thereof. *See Tray-Wrap, Inc. v. Six L's Packing Co., Inc.*, 984 F.2d 65, 68 (2d Cir. 1993) (declining to rely on statements made during conference call, without a court reporter present, as evidence that party had waived its right to trial). Even accepting Defendant's assertion, the SEC's conduct would not support a finding that it did not reasonably rely on Defendant's jury demand. The cases in which courts have rejected a party's claims of reliance involve explicit, forceful opposition as evidenced by consistent resistance, on the record, to a jury trial, for example, motions to strike the jury demand. *See Glaxo Wellcome, Inc.*, 1997 WL 381939, at *1–2 (finding no reliance where non-demanding party consistently objected to, and strongly argued against, jury trial); *Reid Bros. Logging Co.*, 699 F.2d at 1304–05 (finding no reliance where non-demanding party moved to strike opposing party's jury demand). Here, the SEC has engaged in no such opposition, and is therefore found to have relied on Defendant's jury demand.

Defendant's motion to withdraw his demand for a jury trial **[56]** is DENIED.

SO ORDERED.

Dated: New York, New York
April 25, 2008

Richard J. Holwell
United States District Judge

3